UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

United States Courts
Southern District of Texas
FILED
FEB 19 2019
David J. Bradley, Clerk of Court

| | |
|---|---|
| CLADIRECT, INC., ) | |
| ) | Civil Action Docket |
| Plaintiff, ) | No. _____ |
| ) | |
| v. ) | 4:19-cv-553 |
| ) | |
| BARIVEN S.A, a state-owned entity, PDVSA ) | |
| Services Inc. and PDVSA Services, B.V., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## BARIVEN S.A.'S NOTICE OF REMOVAL

Defendant, BARIVEN S.A. ("BARIVEN"), by and through its undersigned counsel, hereby removes the above-captioned action (the "Action") from the District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas. This removal arises under 28 U.S.C. § 1441(d). The grounds supporting removal and this Court's jurisdiction are as follows:

### SUMMARY

A defendant may properly remove an action from state court pursuant to 28 USC § 1441(d) if the civil action is brought in a state court against a foreign state, which is defined to include an entity who majority of shares or other ownership interest is owned by a foreign state as defined in §1603. 28 USC § 1441(d). BARIVEN is a corporation ultimately owned by the Bolivarian Republic of Venezuela (the "Republic"). Accordingly, BARIVEN qualifies as a foreign state for purposes of § 1441(d) and can properly remove this action.

1

**PROCEDURAL HISTORY AND BACKGROUND**

1. On or about October 15, 2018, Plaintiff, CLADirect, Inc. ("CLADirect") filed a petition in an action styled *CLADirect, Inc. v. BARIVEN S.A, PDVSA Services, Inc. and PDVSA Services B.V.* in the District Court of Harris County, Texas, Case No. 2018-74633.

2. Shortly thereafter, on October 26, 2018, CLADirect filed its Verified First Amended Original Petition (the "Amended Petition"). The Amended Petition is included in Composite Exhibit C.

3. The Amended Petition alleges that CLADirect, a Florida corporation with its principal place of business in Miami, Florida, provided services and equipment to Defendants, which they accepted, but did not pay. *See* Composite Exhibit C, Amended Petition, ¶¶ 12-15.

4. CLADirect seeks to hold the Defendants liable for unpaid invoices in the amount of USD 2,740,136.60, plus interest and attorney's fees and costs. *See* Composite Exhibit C, Amended Petition, Section IX.

5. CLADirect asserts six (6) counts of Texas state law claims, including: (a) sworn account; (b) breach of contract; (c) quantum meruit; (d) unjust enrichment and (e) promissory estoppel. *See* Composite Exhibit C, Amended Petition ¶ 2.

6. CLADirect allegedly attempted to serve BARIVEN through substitute service through the Secretary of State on November 15, 2018. A certificate from the Secretary of State was filed in State Court on February 7, 2019. A copy of the certificate is included in Composite Exhibit B.

7. BARIVEN, as alleged in the Amended Petition, is a Venezuelan corporation, 100% owned by the Republic's state-owned oil company, Petróleos de Venezuela, S.A. ("PDVSA").

8. BARIVEN has not received any documents in relation to this matter.

9. No motions remain pending in State court. Little to no activity, other than documents related to service, have been filed since CLADirect initiated this Action.

10. Pursuant to Local Rule LR81, BARIVEN is including with this filing a copy of Executed Process (Composite Exhibit B); Pleadings (Composite Exhibit C); Docket Sheet (Exhibit D); Index of Matters being filed (Exhibit A); any orders issued by the State court (Exhibit E); and a list of all counsel of record in the State Court Action in the Certificate of Service for this Notice.

### MEMORANDUM OF LAW

This Action meets the requirements for federal jurisdiction outlined in 28 USC § 1441(d). Section (d) provides that:

> Any civil action brought in a State Court <u>against a foreign state</u> as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United states or the district and division embracing the place where such action is pending. Upon removal the action shall be tried by the court without jury. Where removal is based upon this subsection, the time limitations of section 1446(b) of this chapter may be enlarged at any time for cause shown. 28 USC § 1441(d) (emphasis added).

A foreign state includes "an agency or instrumentality of the state" 28 USC § 1603(a). The Foreign Sovereign Immunities Act ("FSIA") further defines that an "agency or instrumentality" includes a corporation, "a majority of whose shares or other ownership interest is owned by a foreign state..." 28 USC § 1603(b). The FSIA even extends to entities that are indirectly majority-owned by the State. *See, e.g., Delgado v. Shell Oil Co.*, 890 F. Supp 1315, 1318-19 (S.D. Tex).

The Supreme Court has held that the FSIA "guarantees foreign states the right to remove any civil action from a state court to federal court." *See, e.g., Verlinden B.V. v. Central Bank of Nigeria*, 461 U.S. 480 (1983) (citing §1441(d)). Federal courts have also given a broad interpretation to § 1441(d) for purposes of removal, finding that it grants "a foreign state an absolute right to removal" and "subject to liberal time limitations..." *See, e.g. Talbot v. Saipem*

*A.G.*, 835 F.Supp. 352, 353 (S.D. Tex. 1993). This Court has noted that the statute does not require "good cause" but only "cause" in determining the time for removal. *See id.* Courts have read this requirement liberally to allow the enlargement of time where the rights of parties and judicial economy would not be prejudiced. *Id.* Similarly, if there is little prior activity in state court, removal is generally granted even if sought years later. *See id.* (citing *Refco, Inc. v. Galadari*, 755 F.Supp 79, 83-84 (S.D.N.Y 1991)).

BARIVEN meets the definition set forth in §1603(b). BARIVEN is a corporation incorporated under the laws of Venezuela, has its principal office in Caracas and it is a wholly-owned subsidiary of PDVSA, whose shares are held 100% by the Bolivarian Republic of Venezuela.

As a foreign state under the FSIA, BARIVEN is subject to liberal time applications for removal as long as cause is shown. Any delay in seeking removal in this case is justified and falls squarely within this Court's interpretation of the word "cause" under §1446(d). In this case, BARIVEN has acted promptly to asserts its rights in this regard by filing this Removal within ten (10) days of the filing of the certificate of service by the Secretary of State. Moreover, there has been little activity in the State court case other than activity related to service of process. For this reason, this Removal should be considered timely pursuant to 28 U.S.C. 1446(b) and 1441(d).

Consent to removal by all Defendants is not required under § 1441(d). Since this is not a removal under the general removal statute §1441(a), consent of co-defendants is not required. § 1441(d).

A copy of this Notice of Removal shall be sent to all counsel of record in the Action and will be filed with the Clerk of Court for the District Court of Harris County, Texas as required under §1446(d).

By filing this Notice of Removal, BARIVEN does not waive any defenses that may be available to it, including its right to challenge service of process, and it does not concede that the allegations in the Amended Petition state a valid claim under any applicable law.

For the above reasons, Defendant BARIVEN hereby removes this Action from the District Court of Harris County, Texas, to this Court.

Respectfully submitted,

**GST LLP**
1111 Brickell Avenue
Suite 2715
Miami, Florida 33131
Tel. (305) 856-7723

By: s/ Quinn Smith
Quinn Smith, Fla Bar. 59523
*Pro Hac Vice Admission Pending*
Katherine A. Sanoja, FL Bar. 99137
*Pro Hac Vice Admission Pending*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 19, 2019, a copy of the foregoing document was filed in -person with the Clerk of the Court. I also certify that the foregoing document is being served this day on all counsel of record in the State Court Action via e-mail and U.S. Mail.

By: s/ Katherine Sanoja

Katherine A. Sanoja, FL Bar. 99137
*Pro Hac Vice Admission Pending*

## SERVICE LIST (STATE COURT ACTION)

MATSUSHIMA GARNER PLLC
Alicia M. Matsushima
Famose T. Garner
2525 Robinhood St.
Houston, Texas 77005
(713) 955-4559 Tel.
alicia@matsgarner.com
famose@matsgarner.com
*Counsel for Plaintiff, CLADirect, Inc.*

Brock C. Akers
3401 Allen Parkway, Ste. 101
Houston, Texas 77019
(713) 877-2500
bca@akersfirm.com
*Counsel for Defendant PDVSA Services, Inc.*