IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLADIRECT, INC. | § § § § | |
| V. | § § | CIVIL ACTION NO. 4:19-cv-00553 |
| BARIVEN, S.A., PDVSA SERVICES, INC., AND PDVSA SERVICES, B.V. | § § § § | |

## JOINT DISCOVERY-CASE MANAGEMENT PLAN

Pursuant to Federal Rule of Civil Procedure 26(f), Plaintiff, CLADirect, Inc. ("Plaintiff") and Defendants, Bariven, S.A., PDVSA Services, B.V, and PDVSA Services, Inc. (collectively ("Defendants") hereby respectfully submit this Joint Discovery/Case Management Plan:

**1.   State when the conference of the parties required by Rule 26(f) was held and identify the counsel who represented each party.**

The meeting was conducted via email exchange on January 15 and 16, 2020 with counsel for all parties and law firms present, including: Alicia M. Matsushima, Bruce Oakley, Aaron Crane, Blake Jenkins, Katherine Alena Sanoja, Rodney Quinn Smith, II, Gary Shaw, Bethel Kassa, and Brock Akers.

**2.   List the cases related to this one that are pending in any state or federal court with the case number and court.**

None.

**3.   Briefly describe what this case is about.**

Plaintiff seeks payment of invoices totaling $2,740,136.60 for equipment and services provided to Defendants between September 2014 and December of 2015. Plaintiff asserts claims of sworn account, breach of contract, quantum meruit, unjust enrichment and promissory estoppel.

**4.   Specify the allegation of federal jurisdiction.**

On February 19, 2019, Defendant, Bariven, S.A. removed this case pursuant to 28 U.S.C. § 1441(d).

**5.     Name the parties who disagree and the reasons.**

    None.

**6.     List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

    None known at this time.

**7.     List anticipated interventions.**

    Not applicable.

**8.     Describe class-action issues.**

    Not applicable.

**9.     State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

    The parties will make their initial disclosures within fourteen (14) days of the lifting of the final stay, assuming Defendants have been properly served.

**10.    Describe the proposed agreed discovery plan, including:**

**A.     Responses to all the matters raised in Rule 26(f).**

    The parties have agreed that all discovery will be produced in paper or PDF form. No changes should be made to the time, form or requirements of Rule 26(f).

**B.     When and to whom the plaintiff anticipates he may send interrogatories.**

    Plaintiff anticipates sending interrogatories to Defendants within thirty (30) days of the lifting of the final stay.

**C.     When and to whom defendant anticipates it may send interrogatories.**

    Defendants anticipate sending interrogatories to Plaintiffs within thirty (30) days of the lifting of the final stay, assuming they have been properly served.

**D.     Of whom and by when the plaintiff anticipates taking oral depositions.**

    If Plaintiff takes depositions, it would be of Defendants and/or the corporate representative(s) for Defendants. Any such depositions will be taken within 120 days of the lifting of the final stay.

**E.     Of whom and by when the defendant anticipates taking oral depositions.**

Defendants will take the depositions of Rule 30(b)(6) witnesses and also of any witnesses listed by Plaintiff or that become known, within 120 days of the lifting of the final stay, assuming Defendants have been properly served.

**F.     When the Plaintiff (or party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

The parties shall designate expert witnesses and provide reports within the deadlines set by the Court, assuming Defendants have been properly served.

**G.     List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).**

All designated experts within deadlines set forth in the Court's Docket Control Order.

**H.     List expert depositions the opposing party anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).**

All designated experts within deadlines set forth in the Court's Docket Control Order.

**11.    If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

Plaintiff and Defendants are in agreement with this Plan.

**12.    Specify the discovery, beyond initial disclosures, that has been undertaken to date.**

None.

**13.    State the date the planned discovery can reasonably be completed.**

The Parties anticipate that discovery should be completed within 9 months of the lifting of the final stay, assuming Defendants have been properly served.

**14.    Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

No settlement discussions have occurred.
Plaintiff is open to mediation.
Bariven, S.A. and PDVSA Services, B.V. and PDVSA Services, Inc. are unable to discuss settlement.

**15.   Describe what each party has done or agreed to do to bring about a prompt resolution.**

The parties are unable to resolve the case given the unrest in the Bolivarian Republic of Venezuela.

**16.   From the attorneys' discussion with the client, state the alternative dispute resolution techniques that reasonably suitable.**

Plaintiff believes negotiation between the parties and their attorneys is best suited in this case and is agreeable to consider mediation as a viable option as this case progresses.

Defendants – None at this time for the reasons previously expressed.

**17.   Magistrate judges may now hear jury and nonjury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The parties do not agree to have a trial by Magistrate.

**18.   State whether a jury demand has been made and if it was made on time.**

No jury demand has been made. The deadline for a jury demand has not expired under Rule 38(b)(1).

**19.   Specify the number of hours it will likely take to present the evidence in this case.**

The Parties estimate that they can present their evidence in 10 hours.

**20.   List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

Agreed Motion to Stay [Doc. 32] filed on January 14, 2020.

**21.   List other motions pending.**

Opposed Motion to Substitute Counsel [Doc. 12] filed on June 19, 2019.

**22.   Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference**

Not applicable.

**23.   Certify that all parties have filed Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for the original and any amendments.**

Plaintiff filed its Disclosure of Interested Persons on March 6, 2019. Defendants, Bariven S.A. and PDVSA Services, B.V. filed their Disclosures of Interested Persons on March 7, 2019. PDVSA Services, Inc. filed its Disclosure of Interested Persons on July 23, 2019.

**24.**     **List the names, bar numbers, addresses, and telephone numbers of *all* counsel.**

Alicia M. Matsushima
Texas Bar No. 24002546
MATSUSHIMA GARNER PLLC
2525 Robinhood St.
Houston, Texas 77005
(713) 955-4559 Tel.
alicia@matsgarner.com

Rodney Quinn Smith, II
Fla. Bar. No. 59523
quinn.smith@gstllp.com
Katherine A. Sanoja
Fla. Bar. No. 99137
katherine.sanoja@gstllp.com
**GST LLP**
1111 Brickell Avenue, Suite 2715
Miami, FL 33131
(305) 856-7723

Gary J. Shaw
DC Bar No. 1018056
gary.shaw@gstllp.com
Bethel Kassa
NY Bar No. 5645650
bethel.kassa@gstllp.com
**GST LLP**
2600 Virginia Ave, Suite 205
Washington DC 20037
(202) 848-2166

Bruce D. Oakley
Texas State Bar No. 15156900
Federal I.D. No. 11824
Bruce.oakley@hoganlovells.com
Aaron R. Crane
Texas State Bar No. 24050459
Federal I.D. No. 619093
aaron.crane@hoganlovells.com
Blake Jenkins
Texas SBN 24097885

Southern District ID No. 2887814
blake.jenkins@hoganlovells.com
Hogan Lovells US LLP
609 Main Street, Suite 4200
Houston, Texas 77002
T (713) 632-1400
F (713) 632-1401

Brock C. Akers
Texas State Bar No. 00953250
The Akers Law Firm PLLC
3401 Allen Parkway, Suite 101
Houston, Texas 77019
(713) 877-2500

| | |
|---|---|
| */s/ Alicia M. Matsushima* | 1/16/2020 |
| Alicia M. Matsushima | Date |
| */s/ Katherine Alena Sanoja* | 1/16/2020 |
| */s/ Rodney Quinn Smith, II* | 1/16/2020 |
| Rodney Quinn Smith, II | Date |
| */s/ Bruce Oakley* | 1/16/2020 |
| Bruce Oakley | Date |
| */s/ Aaron Crane* | 1/16/2020 |
| Aaron Crane | Date |
| */s/ Blake Jenkins* | 1/16/2020 |
| Blake Jenkins | Date |
| */s/ Brock Akers* | 1/16/2020 |
| Brock Akers | Date |